### V. M. TOWNSEND v. E. B. McCULLUM.

(Filed 20 March, 1918.)

#### Negligence—Reckless Shooting—Towns—Ordinances.

> A person, while shooting sparrows with a 27 Winchester rifle in a town, who inadvertently shoots through a window in the toilet of a hotel 60 yards distant is guilty of such conduct as makes it proper to submit to a jury the question of his liability in damages to a person he has thus injured, without the necessity of an ordinance prohibiting shooting within' the town.

Action, tried before *Lyon, J.,* at October Term, 1917, of Wake, upon the following issues:

1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: "Yes."

2. What damages, if any, did plaintiff suffer in consequence of said alleged injuries? Answer: "$1,254."

From the judgment rendered, defendant appealed.

*Jones & Bailey and W. L. Currie for plaintiff.*
*Douglass & Douglass for defendant.*

Per Curiam: The great weight of evidence in this case tends to prove that defendant is a merchant in the town of Star, N. C.; that on 31 March, 1916, he was engaged in shooting sparrows in the town and very near the Leach Hotel with a 27 Winchester rifle. In firing the rifle he sent a ball into the toilet of the hotel, which was sixty yards distant from where defendant was shooting and shot plaintiff in the head, inflicting a painful and severe wound.

We have examined the entire evidence and record and find no error. In the absence of prohibitive ordinance the defendant was guilty of such reckless conduct, if the evidence is to be believed, as must render him liable to plaintiff for the injury inflicted.

If defendant had killed plaintiff he would probably have to answer a charge of manslaughter as well as this demand for damages.

No error.